```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/26/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

JALAH KNIGHT,

                                  Plaintiff,

                -v-

MUNICIPAL CORPORATION, THE CITY OF NEW
YORK, et al.,

                              Defendants.

------------------------------------------------------------------------X

               14 Civ. 3783 (PAE) (JCF)

               <u>OPINION & ORDER</u>

**PAUL A. ENGELMAYER, District Judge:**

     *Pro se* plaintiff Jalah Knight brings this action under 42 U.S.C. § 1983 alleging that his constitutional rights were violated when jail officials deprived him of an extra mattress that he medically required. Defendants moved to dismiss. Before the Court is the May 27, 2016 Report and Recommendation of the Hon. James C. Francis, United States Magistrate Judge, recommending that the Court grant the motion to dismiss without prejudice. Dkt. 16 ("Report"). For the following reasons, the Court adopts the Report in full.

**I.    Background**

    The Court incorporates by reference the summary of the facts provided in the Report, to which no party objects. *See* Report at 2–3.

    On May 9, 2014, Knight filed a Complaint. Dkt. 3. On August 13, 2014, the Court, *inter alia*, dismissed claims against the Board of Corrections and denied Knight's request for *pro bono* counsel. Dkt. 6. On September 16, 2014, the case was referred to Judge Francis for a report and recommendation. Dkt. 7. On September 18, 2015, defendants moved to dismiss, Dkt. 10, and filed a supporting brief, Dkt. 11. On March 10, 2016, Knight wrote a letter to Judge Francis

stating that he had not received correspondence from the Court because he was no longer incarcerated. Dkt. 14. Judge Francis denied Knight's request for an extension of time to respond to the pending motion, but stated that he would consider any submissions made before the decision issued. Dkt. 15. No such opposition was filed. On May 27, 2016, Judge Francis issued the Report, recommending that the Court grant the motion to dismiss without prejudice. The deadline for the parties to file objections to the Report was June 13, 2016. *See* Dkt. 16. To date, no objections have been filed.

**II.     Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As neither party has submitted objections to the Report, review for clear error is appropriate. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report at 21, both parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Francis's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.

2

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses Knight's claim without prejudice to his filing of an Amended Complaint.

The Clerk of Court is directed to close this case.

The Court directs the Clerk to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 26, 2016
          New York, New York

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JALAH KNIGHT,                          :   14 Civ. 3783 (PAE) (JCF)
                                       :
                    Plaintiff,         :
                                       :
       - against -                     :        REPORT AND
                                       :        RECOMMENDATION
MUNICIPAL CORPORATION, THE CITY OF     :
NEW YORK, COMMISSIONER DR. DORA        :
SCHRIRO, d/b/a THE DEPARTMENT OF       :
CORRECTION, WARDEN CANTY (GRVC)        :
THE DEPARTMENT OF CORRECTION,          :
and DEPT. BLACKMON (GRVC) PROGRAMS     :
DEPT., THE DEPARTMENT OF               :
CORRECTION,                            :
                                       :
                    Defendants.        :
- - - - - - - - - - - - - - - - - - -:

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 5/27/16

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

   Pro se plaintiff Jalah Knight brings this action pursuant to

42 U.S.C. § 1983 against the City of New York ("the City"), former

Department of Correction ("DOC") Commissioner Dora Schriro, Warden

Canty, and Deputy Warden Blackmon.[1]  He alleges that, while

incarcerated at various facilities on Rikers Island, his Eighth

Amendment right to be free from cruel and unusual punishment was

violated by the defendants' failure to provide him with a proper

bed.  He seeks compensatory damages of ten million dollars from

each defendant.

_____

   [1] Neither Warden Canty's nor Deputy Warden Blackmon's first
name is set forth in the record.  The plaintiff initially also
named the Board of Corrections, but those claims were dismissed.
(Order dated Aug. 13, 2014).

1

The defendants have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the plaintiff (1) failed to exhaust administrative remedies, (2) does not state a claim for violation of his constitutional rights, and (3) does not allege facts sufficient to establish the personal involvement of any individual defendant or municipal liability. The plaintiff did not answer the motion. For the reasons set forth below, I recommend that the defendants' motion to dismiss be granted.

Background[2]

Mr. Knight has been in DOC's custody since January 2004. (Complaint ("Compl.") at 2, 9).[3] He has been housed at the George R. Vierno Center ("GRVC"), the Otis Bantum Correctional Center ("OBCC"), the Robert N. Davoren Complex ("RNDC"), the George Motchan Detention Center ("GMDC"), the Anna M. Kross Center ("AMKC"), the Vernon C. Bain Center ("VCBC"), and the North Infirmary Command ("NIC"). (Compl. at 2, 4). The plaintiff claims that, throughout his incarceration, he has been subjected to discriminatory treatment and denied minimum health care standards

---

[2] The following facts are taken from the allegations in the complaint and are assumed to be true for the purposes of this report and recommendation. See In re September 11 Litigation, 751 F.3d 86, 90 (2d Cir. 2014).

[3] Citations to the complaint reflect the page numbers assigned by the court's Case Management/Electronic Case Filing system.

because he has been forced to sleep on an "uncomfortable mattress," which has caused "mental anguish," sleep deprivation, and "neck, back, and shoulder pains." (Compl. at 2-3, 9-10).

Mr. Knight complained to DOC doctors, who allegedly tried to give DOC notice to afford him a double mattress, but no such accommodation was provided. (Compl. at 9). The plaintiff states that he complained to the New York City Board of Correction, to Commissioner Joseph Ponte, and to the GRVC grievance committee, but never received a response. (Compl. at 5, 9). Additionally, in a letter to the OBCC Grievance Committee protesting "the double mattress policy," Mr. Knight explained that he had "been getting pain medication [and] double mattress[es] at previous facilities, but [is] now continuously being denied these same things." (Compl. at 8). Although Mr. Knight states that he filed a grievance, he also suggests that he did not file a grievance because he "feared that [by] filing a grievance [he] would become subject to violence by DOC staff." (Compl. at 4).

Discussion

The defendants raise several arguments in support of their motion to dismiss. As an initial matter, they claim that Mr. Knight failed to exhaust available administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA") and is not otherwise excused from doing so. (Memorandum

3

of Law in Support of Defendants' Motion to Dismiss ("Def. Memo.")
at 5-10). Further, the defendants contend that the plaintiff has
not stated a claim for unconstitutional conditions of confinement
and that the complaint lacks sufficient factual detail to plausibly
allege either personal involvement of any individual defendant or
municipal liability. (Def. Memo. at 12-19). Finally, the
defendants assert that any claims predating May 9, 2011, are
untimely. (Def. Memo. at 10).

   A.   Standard of Review

   To survive a motion to dismiss under Rule 12(b)(6) of the
Federal Rules of Civil Procedure, a complaint must include "enough
facts to state a claim to relief that is plausible on its face."
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other
words, it must provide sufficient factual material to "allow[] the
court to draw the reasonable inference that the defendant is liable
for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678
(2009). While "detailed factual allegations" are not required, a
complaint must contain more than mere "labels and conclusions" or
"formulaic recitation[s] of the elements of a cause of action."
Id. at 678 (quoting Twombly, 550 U.S. at 555).

   In considering a motion to dismiss, a court is limited to the
facts in the complaint, exhibits or documents incorporated by
reference, documents upon which the complaint heavily relies, and

4

matters of which judicial notice may be taken. Chambers v. Time
Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). A court must
accept the factual allegations in the complaint as true and draw
all reasonable inferences in the plaintiff's favor. See Erickson
v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); New Jersey
Carpenters Health Fund v. Royal Bank of Scotland Group, PLC, 709
F.3d 109, 119 (2d Cir. 2013). Furthermore, a pro se litigant is
"entitled to special solicitude," Hill v. Curcione, 657 F.3d 116,
122 (2d Cir. 2011) (quoting Triestman v. Federal Bureau of Prisons,
470 F.3d 471, 475 (2d Cir. 2006) (per curiam)), and his complaint
"must be construed liberally 'to raise the strongest arguments
[it] suggest[s],'" Walker v. Schult, 717 F.3d 119, 124 (2d Cir.
2013) (alterations in original) (quoting Pabon v. Wright, 459 F.3d
241, 248 (2d Cir. 2006)). Nevertheless, dismissal is appropriate
where the plaintiff has clearly failed to state a plausible claim
for relief. Id.

Finally, even if a plaintiff does not oppose a motion to
dismiss, the court must still determine, as a matter of law,
whether the complaint states a claim on which relief may be
granted. McCall v. Pataki, 232 F.3d 321, 322-23 (2d Cir. 2000).
If the pleading is adequate, "the plaintiff's failure to respond
to a Rule 12(b)(6) motion does not warrant dismissal." Id. at
323.

B.   <u>Exhaustion of Administrative Remedies</u>

The PLRA requires an inmate to exhaust all available administrative remedies prior to filing suit in federal court.  42 U.S.C. § 1997e(a); <u>see also</u> <u>Jones v. Bock</u>, 549 U.S. 199, 202 (2007).  This requirement applies to all claims relating to prison life, <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002), regardless of the relief offered by the administrative process or sought by the prisoner, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).  Accordingly, inmate suits alleging inadequate living conditions fall within the scope of the PLRA.  <u>See</u> <u>Francis v. Department of Corrections</u>, No. 12 Civ. 0946, 2012 WL 4849149, at *2-3 (S.D.N.Y. July 17, 2012) (applying PLRA exhaustion requirement to claim regarding deficient beds).  Furthermore, the exhaustion requirement applies to Mr. Knight, even though he is no longer incarcerated, because he was incarcerated at the time he filed his lawsuit.  <u>Berry v. Kerik</u>, 366 F.3d 85, 87 (2d Cir. 2003).

To satisfy the PLRA's exhaustion requirement, an inmate must "'complete the administrative review process in accordance with the applicable procedural rules' -- rules that are defined not by the PLRA, but by the prison grievance process itself." <u>Jones</u>, 549 U.S. at 218 (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 88 (2006)); <u>see also</u> <u>Espinal v. Goord</u>, 558 F.3d 119, 126 (2d Cir. 2009) ("The scope of proper exhaustion under the PLRA is determined by reference to

the state grievance system's procedural rules."). In this case, prior to filing suit Mr. Knight was required to comply with the DOC's multi-step Inmate Grievance Resolution Program ("IGRP"), which directs an inmate to: (1) file an informal complaint with the Inmate Grievance Resolution Committee ("IGRC"); (2) request a formal hearing before the IGRC if an informal resolution is not reached within five days; (3) appeal the IGRC's decision to the facility warden; (4) appeal the facility warden's decision to the Central Office Review Committee; and (5) appeal the CORC's decision to the New York City Board of Correction.[4] See Cannon v. City of New York, No. 11 Civ. 8983, 2013 WL 1234962, at *3 (S.D.N.Y. Jan. 29, 2013), report and recommendation adopted, 2013 WL 1248546 (S.D.N.Y. March 27, 2013).

"'Strict compliance' with the grievance procedure is required." McCoy v. Goord, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003) (quoting Hemphill v. New York, 198 F. Supp. 2d 546, 549 (S.D.N.Y. 2002)). Informal letters, oral conversations, or other communications outside of the official process do not replace formal grievance procedures. Williams v. Department of Corrections, No. 11 Civ. 1515, 2011 WL 3962596, at *2 (S.D.N.Y.

_____

[4] I take judicial notice of the procedures underlying the IGRP. See Johnson v. Agros, No. 10 Civ. 8312, 2012 WL 3564028, at *4 n.4 (S.D.N.Y. Aug. 20, 2012) (taking judicial notice of IGRP requirements and citing cases).

Sept. 7, 2011); Hernandez v. Coffey, No. 99 Civ. 11615, 2003 WL 22241431, at *3-4 (S.D.N.Y. Sept. 29, 2003).  "An inmate's administrative remedies are not exhausted until he proceeds through all five levels of the IGRP." Houston v. Horn, No. 09 Civ. 801, 2010 WL 1948612, at *6 (S.D.N.Y. May 13, 2010).  Even if officials fail to respond to a prisoner's grievance, request for a hearing, or initial appeal, he must nonetheless proceed up the chain of command until he appeals to the highest authority or receives a final decision regarding his grievance.  See, e.g., Zappulla v. Fischer, No. 11 Civ. 6733, 2013 WL 1387033, at *4 (S.D.N.Y. April 5, 2013).

Notwithstanding these strict parameters, the Second Circuit has recognized that certain circumstances may "justify" -- and therefore excuse -- a failure to comply, such as when (1) administrative remedies were not actually available; (2) the defendants waived the defense or should be estopped from raising it; or (3) other special circumstances exist. Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006).

Moreover, because failure to exhaust is an affirmative defense, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216.  The defendant has the burden of raising and proving the absence of exhaustion.  Id. at 211-12; see also Nicholson v.

Murphy, No. 302 CV 1815, 2003 WL 22909876, at *6 (D. Conn. Sept. 19, 2003) ("[T]he defendants must present proof of non-exhaustion."). A motion to dismiss for failure to exhaust may therefore only be granted if "'nonexhaustion is clear from the face of the complaint[,]' and none of the exceptions outlined by the Second Circuit are germane." Lovick v. Schriro, No. 12 Civ. 7419, 2014 WL 3778184, at *4 (S.D.N.Y. July 25, 2014) (alteration in original) (quoting McCoy, 255 F. Supp. 2d at 251); see also Bailey v. Fortier, 9:09-CV-742, 2010 WL 4005258, at *6 (N.D.N.Y. Aug. 30, 2010) (noting that courts "hesitate" to grant a motion to dismiss for failure to exhaust and will do so "only if it is patently clear from the face of plaintiff's complaint that exhaustion has not occurred and there is no basis to excuse [the] PLRA exhaustion requirement"), report and recommendation adopted, 2010 WL 3999629 (N.D.N.Y. Oct. 12, 2010).

The defendants argue that Mr. Knight failed to exhaust his administrative remedies because he neglected to pursue relief beyond the first stage of informal resolution. (Def. Memo. at 5-6). However, they have not submitted any evidence in support of this contention. Cf. Cannon, 2013 WL 1234962, at *4 (explaining that "[d]efendants raising a nonexhaustion defense ordinarily seek summary judgment based on evidence beyond the plaintiffs' pleadings showing the failure to exhaust" and citing cases).

Rather, they claim that nonexhaustion "is evident from the face of the complaint" because the plaintiff "describe[d] no further steps taken in the process to pursue [the grievances he filed at OBCC and GRVC]" and did not answer the question on the standard pro se § 1983 complaint form regarding appeal efforts. (Def. Memo. at 5-6).

These alleged shortcomings are insufficient grounds on which to dismiss the complaint at this stage. Although the plaintiff does not identify his exhaustion attempts, neither does he expressly state that he declined to appeal. See Cannon, 2013 WL 1234962, at *4 (holding that nonexhaustion was apparent only from face of complaint of plaintiff who "admit[ted] . . . he did not file a grievance," and not from complaints of plaintiffs who "claim[ed] to have filed grievances" but did not "plead to have followed all the steps required"). In the space on his form complaint corresponding to "reasons why you did not file a grievance," Mr. Knight wrote that he "feared that [by] filing a grievance [he] would become subject to violence by DOC staff." (Compl. at 4). This is far from a conclusive admission of noncompliance. A complaint's ambiguity or lack of factual support regarding exhaustion does not make failure to exhaust "evident." See, e.g. Leer v. Fisher, No. 13 Civ. 8529, 2015 WL 413253, at *4 (S.D.N.Y. Feb. 2, 2015) ("Exhaustion is not an appropriate basis

for the dismissal of a complaint that simply 'lack[s] specifics as
to how the plaintiff grieved his claim,' or 'is ambiguous on
exhaustion.'" (first quoting Johnson v. Westchester County
Department of Correction Medical Department, No. 10 Civ. 6309,
2011 WL 2946168, at *2 (S.D.N.Y. July 19, 2011), then quoting
Parris v. New York State Department of Correctional Services, 947
F. Supp. 2d 354, 362 (S.D.N.Y. 2013)); Pratt v. City of New York,
929 F. Supp. 2d 314, 318 (S.D.N.Y. 2013) (distinguishing between
complaint that establishes plaintiff did not comply with grievance
procedures and one that is "not completely clear," and holding, as
to the latter, that "scope of proper [] grievance procedure,
whether the plaintiff followed that procedure properly, and
[possible excuses for nonexhaustion]" should not be determined on
a motion to dismiss); McCoy, 255 F. Supp. 2d at 255 (stating that
complaint's lack of allegations that plaintiff filed any appeals
"is not a basis for dismissal on a motion to dismiss").

Therefore, failure to exhaust is not an appropriate basis for
dismissal in this case.[5]

---

[5] Because the complaint does not conclusively establish
nonexhaustion, it is unnecessary to address the defendants'
arguments that the plaintiff "has not pled any facts to excuse his
failure to exhaust." (Def. Memo. at 7-10). However, I note that
even if nonexhaustion were uncontroverted, it is not clear from
the face of the complaint that any failure was unjustified. See
Garvin v. Rivera, No. 13 Civ. 7054, 2015 WL 876464, at *3-5
(S.D.N.Y. Feb. 28, 2015) (denying motion to dismiss -- even though

11

C.   Eighth Amendment

I nonetheless recommend that the complaint be dismissed, as the plaintiff has failed to allege a violation of the Eighth Amendment.[6] Under the Eighth Amendment, officials may not "create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety." Overton v. Bazzetta, 539 U.S. 126, 137 (2003). A § 1983 suit may give rise to liability on the basis of conditions of confinement "only where [the plaintiff] proves both an objective element -- that the prison officials' transgression was 'sufficiently serious' -- and a subjective element -- that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' i.e., with 'deliberate indifference to inmate health or safety.'" Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Farmer v.

_____

it was "clear from the face of the Complaint that Plaintiff did not exhaust" -- after declining to "infer, from the mere absence of allegations that would support an estoppel or special circumstances argument, that no such arguments are available").

[6] It is unclear whether, during the relevant time period, Mr. Knight was being detained while awaiting trial or was serving a jail sentence post-conviction. Courts analyze pretrial detainees' constitutional claims under the due process clause of the Fourteenth Amendment to the Constitution, rather than the Eighth Amendment. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). However, where the plaintiff, as here, alleges that the defendants have acted with deliberate indifference in perpetuating an unconstitutional condition of confinement, the analysis under the Fourteenth Amendment is the same as under the Eighth Amendment. See id. at 72.

12

Brennan, 511 U.S. 825, 834 (1994)).

"Because society does not expect or intend prison conditions to be comfortable, only extreme deprivations are sufficient to sustain a 'conditions-of-confinement' claim." Blyden v. Mancusi, 186 F.3d 252, 263 (2d Cir. 1999) (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)).   Therefore, to satisfy the objective element, a plaintiff must show that the condition complained of "violate[s] contemporary standards of decency."   Phelps, 308 F.3d at 185. Under the subjective prong, the official who caused the deprivation must have acted despite awareness of "a substantial risk of serious harm"; that is, the official must have known of and disregarded an excessive risk to the plaintiff's health or safety.   See Blyden, 186 F.3d at 262; see also Farmer, 511 U.S. at 837 (explaining that official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Read liberally, Mr. Knight's challenges to the comfortableness of his mattress fail to make out a plausible conditions-of-confinement claim.   Indeed, courts have repeatedly found complaints of substandard bedding, without more, insufficient to satisfy the objective prong of the Eighth Amendment, see, e.g., Smith v. Woods, No. 9:03-CV-480, 2006 WL 1133247, at *13 (N.D.N.Y. April 24, 2006) (holding that prisoners

13

do not have a constitutional right to comfortable beds), requiring instead a plaintiff to allege that he has a medical condition necessitating a special bed or that the shoddy bedding itself poses an excessive risk to his health, see, e.g., Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013); Boyd v. City of New York, No. 12 Civ. 3385, 2012 WL 5914007, at *3 (S.D.N.Y. Sept. 18, 2012) (finding allegations that "too[-]short" and "too[-]thin" beds caused "hardship in sleeping," difficulty "sit[ting] in cells," and exacerbation of undescribed "injuries" failed to satisfy Eighth Amendment objective prong where there was "no suggestion that the conditions pose[d] an unreasonable risk of serious damage to health or endanger[ed] the plaintiffs' reasonable safety" (first, second, and third alterations in original)), report and recommendation adopted in relevant part, 2013 WL 452313 (S.D.N.Y. Feb. 6, 2013).   Although the Second Circuit recently suggested that inadequate bedding may, in some circumstances, satisfy the objective prong of the conditions-of-confinement test because "sleep is critical to human existence," it did so while reiterating that the alleged deficiencies must cause or threaten sufficiently serious harm.   Walker v. Schult, 717 F.3d 119, 126-27 (2d Cir. 2013).   Although the plaintiff here claims sleep deprivation (Compl. at 9), he provides no facts to suggest that this deprivation was sufficiently serious, see

14

Youmans, 2013 WL 6284422, at *5 n.3.[7]

The complaint likewise lacks the "factual detail necessary to state a claim that he suffered injuries as a result of the beds" at various Riker's Island facilities. DelaCruz v. City of New York, No. 15 Civ. 3030, 2015 WL 2399346, at *2 (S.D.N.Y. May 19, 2015) (dismissing claim where plaintiff failed to "indicate how the prison bedding has caused or exacerbated his claimed injuries"). The plaintiff's conclusory assertions that he suffered "serious pain" as a result of uncomfortable mattresses (Compl. at 8) fall short of the minimum pleading requirements, see Howard v. City of New York, No. 12 Civ. 4069, 2012 WL 7050623, at *4 (S.D.N.Y. Dec. 20, 2012) (finding assertions that lack of pillows and properly sized beds caused "pain in lower back and

---

[7] The defendants' violation of the City's Correctional Health Care Minimum Standards does not independently satisfy the objective prong of a conditions-of-confinement claim, see Townsend v. Clemons, No. 12 Civ. 3434, 2013 WL 818662, at *9 (S.D.N.Y. Jan. 30, 2013) ("[A] violation of City Minimum Standards does not, on its own, violate a prisoner's constitutional rights"), report and recommendation adopted, 2013 WL 868605 (S.D.N.Y. March 4, 2013), or otherwise establish a violation of a federally guaranteed right for purposes of § 1983, see Little v. Municipal Corp., 51 F. Supp. 3d 473, 501 (S.D.N.Y. 2014) (noting that claims premised on violations of the New York City Board of Correction's Minimum Standards "do not present a federal question"); Santana v. City of New York, No. 13 Civ. 3034, 2014 WL 1870800, at *7 (S.D.N.Y. May 8, 2014) ("Violations of regulations and policies [such as New York City Correctional Health Care Minimum Standards] do not give rise to liability under section 1983."), appeal dismissed, (2d Cir. Sept. 29, 2014).

neck and legs," "emotional distress," and "[e]xacerbation of prior injuries," without more information, lacked detail necessary to plausibly allege causal connection (alteration in original)), report and recommendation adopted in relevant part, 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013).

Finally, the plaintiff has also failed to plead facts sufficient to satisfy the subjective prong.  A defendant cannot be said to have been deliberately indifferent unless he "act[ed] with a sufficiently culpable state of mind." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).  Mr. Knight's allegations of "serious pain" in his letter to the OBCC grievance committee fall far short of the facts necessary to support an allegation that any defendant "kn[ew] of and disregard[ed] an excessive risk to [his] health or safety." Farmer, 511 U.S. at 837; see also Britton v. Connecticut, No. 3:14-CV-133, 2016 WL 308774, at *9 (D. Conn. Jan. 25, 2016) (concluding subjective element not satisfied where plaintiff alleged he complained generally but did not "specifically allege that he complained of any symptoms to any of the Defendants" (emphasis omitted)); Adekoya v. Holder, 751 F. Supp. 2d 688, 697 (S.D.N.Y. 2010) (finding subjective prong not satisfied by conclusory assertions that defendants were aware of plaintiff's medical needs and failed to provide him adequate care).  In fact, the complaint contains no specific allegations with respect to any

individual defendant. See Greene v. City of New York, No. 14 Civ. 3896, 2014 WL 5862008, at *2 (S.D.N.Y. Nov. 11, 2014) (dismissing complaint that "[did] not explain the role that each [individual] defendant played in the allegedly unlawful conduct"); Mastroianni v. Reilly, 602 F. Supp. 2d 425, 433 (E.D.N.Y. 2009) ("The subjective prong of the two step analysis requires personal involvement of the prison official . . . .").

Accordingly, because the complaint satisfies neither the objective nor the subjective element of a conditions-of-confinement claim, I recommend that the defendants' motion to dismiss be granted.[8]

D.   Personal Involvement

For similar reasons, the complaint fails to state a § 1983 claim for damages against any of the individual defendants. See McCree v. Messina, No. 14 Civ. 5201, 2015 WL 4299546, at *4-5 (S.D.N.Y. July 15, 2015) (combining analysis of subjective element and personal involvement and dismissing complaint that lists individual defendants without making any specific allegations against them). "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

---

[8] Because Mr. Knight has not provided sufficient facts to identify a violation of the Eighth Amendment, I do not address the defendants' statute of limitations argument.

damages under § 1983." <u>Spavone v. New York State Department of Correctional Services</u>, 719 F.3d 127, 135 (2d Cir. 2013) (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995)). Merely listing defendants in the complaint is insufficient to show personal involvement. <u>Blackson v. City of New York</u>, No. 14 Civ. 452, 2014 WL 6772256, at *2 (S.D.N.Y. Dec. 2, 2014) (dismissing claims against warden and correction officers where plaintiff "ma[de] no specific allegations" about those individuals "apart from naming them as Defendants"); <u>Carrasquillo v. City of New York</u>, 324 F. Supp. 2d 428, 435 (S.D.N.Y. 2004) (dismissing claim against individual defendant not mentioned in body of complaint). Mr. Knight nowhere describes how the individual defendants participated in the purported violation of his rights. I therefore recommend dismissal of the plaintiff's claims against defendants Schriro, Canty, and Blackmon on this separate, independent ground.

E.   <u>Municipal Liability</u>

The complaint also fails to state a cognizable claim of municipal liability against the City. To hold a municipality liable under § 1983, a plaintiff must establish (1) the existence of a municipal policy, custom, or practice, which (2) caused the alleged violation of the plaintiff's constitutional rights. <u>Jones v. Town of East Haven</u>, 691 F.3d 72, 80 (2d Cir. 2012).

The plaintiff's allegations are deficient in both respects.

No plausible inference can be drawn from the complaint that the harm complained of was the product of a municipal policy or due to actions by individuals whose "acts may fairly be said to represent official policy." Montgomery v. City of New York, No. 09 Civ. 6145, 2011 WL 1770849, at *2 (S.D.N.Y. May 9, 2011) (quoting Monell v. Department of Social Services, 436 U.S. 658, 694 (1978)). Apart from a passing reference to a "double mattress policy" (Compl. at 8), the complaint does not allege the existence of any policies, customs, or practices mandating that inmates be given inadequate mattresses. Moreover, because Mr. Knight's allegations with respect to uncomfortable bedding fail to articulate a constitutional violation, they cannot serve as the predicate for a claim of municipal liability. See Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (stating that claimed policy must have caused a constitutional violation); see also Rankel v. Town of Somers, 999 F. Supp. 2d 527, 550 (S.D.N.Y. 2014) ("Absent an underlying constitutional violation, a Monell claim cannot lie."). Accordingly, I recommend that the plaintiff's claims against the City of New York be dismissed.

     F.   Opportunity to Amend

    The Second Circuit has held that a pro se litigant should be afforded at least one opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can

rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam); see also Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991) (same). Because I cannot exclude the possibility that the plaintiff here may be able to state a valid claim, he should be given an opportunity to amend his complaint.

He may state a valid conditions-of-confinement claim, for example, if he alleges that he had a pre-existing medical condition (which he made known to prison officials) requiring a special bed to protect against serious damage to his health and that his request for a special bed to accommodate his medical condition was denied by an by an official who know of and disregarded an excessive risk to his health or safety, Howard, 2013 WL 504164, at *2, or that "[his] medical condition was itself created by an inadequate bed or mattress and that an official who became aware of the situation failed to remedy it," Youmans, 2013 WL 6284422, at *5. Likewise, although the complaint fails to allege facts that would support municipal liability, the plaintiff should be accorded the opportunity to submit an amended pleading that satisfies the standard for asserting such a claim.

Conclusion

    For the foregoing reasons, I recommend that the defendants'
motion to dismiss (Docket no. 10) be granted.  Mr. Knight's claims
against all the defendants should be dismissed without prejudice
to his amending his complaint to state a plausible claim consistent
with the standards discussed above.  Pursuant to 28 U.S.C. §
636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of
Civil Procedure, the parties shall have fourteen (14) days from
this date to file written objections to this Report and
Recommendation.  Such objections shall be filed with the Clerk of
the Court, with extra copies delivered to the chambers of the
Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York,
New York 10007, and to the chambers of the undersigned, Room 1960,
500 Pearl Street, New York, New York 10007.  Failure to file timely
objections will preclude appellate review.

    Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
     May 27, 2016

Copies mailed this date to:

Jalah Knight
2253 Nameoke Ave.
Far Rockaway, NY 11691

Carolyn E. Kruk, Esq.
New York City Law Department
100 Church St.
New York, NY 10007